**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. WALKER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:09-CV-066-Y** |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Michael D. Walker, TDCJ-ID #653728, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in the French M. Robertson Unit in Abilene, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Walker is serving a life sentence in TDCJ as a result of his 1993 Tarrant County conviction for murder. (Petition at 2)  In 2007 Walker was charged in Disciplinary Case No. 20080152306 with threatening to escape, a level 1, code 1.4 violation.  (DHR at 3)  By this habeas petition, Walker challenges his placement in administrative segregation and the disciplinary proceedings conducted at the Robertson Unit, resulting in the following sanctions:  15-day recreation restriction, 30-day commissary restriction, reduction in line class status from S3 to L3, and loss of 360 days' good time. (DHR at 1)

On November 6, 2007, Corrections Officer D. Hargrove accused Walker of expressing "an intention to escape from custody in that Offender Walker failed a polygraph examination conducted by the Office of the Inspector General pertaining to allegations received that Offender Walker had intentions to escape custody of TDCJ-CID French M. Robertson Unit." (*Id.* at 3)  Walker was administered a polygraph test, which he failed, and was placed in administrative segregation pending further investigation of the matter.[1] (Pet'r Memorandum at 1)  Walker received notice of the charge and attended a disciplinary hearing in November 2007, during which he was found guilty of the offense. (*Id.* at 3)  In February 2008, Walker was informed that he was being charged a second time with the violation due to technical errors in the original proceedings. (*Id.* at 4)  At the 2008 disciplinary hearing, Walker again pled not guilty to the charge and was found guilty. (*Id.* at 4)  Walker filed a Step 1 grievance contesting his placement in administrative segregation and the

---

[1]Fellow inmate Mark Harrington was suspected of collaborating with Walker, both of whom worked in the kitchen, in orchestrating an escape *via* a truck, between November 5, 2007 and November 10, 2007.  Harrington, however, passed the polygraph test and was returned to general population.  (DHR at 9, 11)

disciplinary proceedings, to no avail.  (DGR at 1-2)  He filed an untimely Step 2 grievance.  (*Id.* at 3-4)  This federal petition followed.  Quarterman has filed an answer with supporting documentation, to which Walker did not timely reply.

## D.  Issues

Walker claims his due process rights were violated as a result of his placement in administrative segregation and insufficient and unreliable evidence to support a guilty finding. (Petition at 7)

## E.  RULE 5 STATEMENT

Quarterman asserts Walker has failed to exhaust his claims because his Step 2 grievance was returned as untimely.  (DGR at 4; Resp't Answer at 4-9)  *See* 28 U.S.C. § 2254(b)(1), (c). Notwithstanding a petitioner's failure to exhaust his state remedies, however, an application for a writ of habeas corpus may be denied on the merits.  *Id.* § 2254(b)(2).

## F. DISCUSSION

Prisoners charged with rule violations are entitled to certain procedural due process requirements under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest.  *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  The minimum amount of procedural due process required for prison inmates under these circumstances includes:  (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence

3

when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest, that is, a constitutional expectancy of early release.  *See Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000).  Walker is not eligible for release on mandatory supervision.  The mandatory supervision statute in effect when he committed murder, provided that a prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for first degree murder.  *See* Act of May 28, 1989, R.S., 71st Leg., ch. 785, § 5.01, 1989 Tex. Gen. Laws 3471, 3537 (currently TEX. GOV'T CODE ANN. § 508.149(a)(2) (Vernon Supp. 2008)).  Since Walker is ineligible for mandatory supervision, the loss of good time credits in his disciplinary case does not implicate a protected liberty interest.  *Kimbrell v. Cockrell,* 311 F.3d 361, 362 (5th Cir. 2002); *Malchi,* 211 F.3d at 956-58.  Nor do administrative segregation, recreation and commissary restrictions, or the reduction in line class status implicate due process concerns.  *See Sandin,* 515 U.S. at 486 (confinement in administrative segregation); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (loss of commissary privileges and cell restriction); *Malchi,* 211 F.3d at 959 (right to particular time-earning status). *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (reductions in line class status).  As a matter of due process, no constitutional violation has occurred, thus Walker's claims do not present a basis for federal habeas relief.

Furthermore, a court may act only where arbitrary or capricious action is shown.  *See Smith*

4

*v. Rabelais,* 659 F.2d 539, 545 (5th Cir. 1984).  This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached.  *See id.*  An officer's report, by itself, is sufficient to support a finding of guilt.  *See Hudson v. Johnson,* 242 F.3d 534, 536-37 (5th Cir. 2001).  The gravamen of Walker's complaint is that the officer's report was based on an anonymous tip by an unidentified informant instead of first-hand knowledge by the officer.  It is clear that a bald assertion by an unidentified person, without more, cannot constitute "some evidence" of guilt in a disciplinary proceeding.  *See Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001).  However, the reporting officer conducted an investigation into the allegations and made his report, and Walker failed the polygraph test.  Thus, there was some evidence tending to support the informant's reliability and Walker's guilt.  That is all that was constitutionally required.

## II.  RECOMMENDATION

Walker's petition for writ of habeas corpus should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 21, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 21, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2009.

_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

6